[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR COMPLIANCE WITH WRITTEN DISCOVERY
Defendant Dentsply International, Inc. ("Dentsply") has objected to some of the interrogatories and requests for production, dated September 11, 2001, directed to it by the plaintiff, James Masotti. The plaintiff has alleged in his complaint that he was injured because a needle used in a dental procedure was defective in that it snapped off in his mouth while a dentist was using it to anesthetize tissues in his mouth. CT Page 7301
The plaintiff notes that Dentsply, which allegedly manufactured the needle, did not actually file its objections with the court as Practice Book §§ 13-8 and 13-10 require, but that the plaintiff waives this procedural defect and does not claim that the objections were untimely or ineffective because of the failure to file them with the court.
The plaintiff has represented to the court that it has received some documents from Dentsply since the objections were filed, but that Dentsply has not produced all the materials identified by a deponent, Padreep Gupta, who testified that Dentsply has a file cabinet of information responsive to the plaintiff's interrogatories and requests for production. Dentsply filed a Supplement Document Production dated May 8, 2002. In its supplemental response, Dentsply has responded to many of the items by stating that they "make no sense and cannot be responded to."
Dentsply takes the position that the plaintiff is entitled to discovery only concerning needles identical in all respects to the needle at issue: a 30 gauge short needle with a metal hub. Dentsply argues that it need not supply materials that concern needles with plastic hubs; however, this court has been provided no basis to adopt Dentsply's implicit position that needles with plastic hubs are different from needles with metal hubs in ways material to the claim of defect. Dentsply has opposed the motion for order of compliance on the ground, stated in a number of ways, that the plaintiff is unable to prevail on his claim against it and is therefore not entitled to discovery.
Standard of review
Practice Book § 13-2 authorizes a party to obtain from his opponent "information or disclosure, production and inspection of papers, books or documents material to the subject matter involved in the pending action, which are not privileged . . . [where] the disclosure sought would be of assistance in the prosecution or defense of the action. . . . It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
Practice Book § 13-14 authorizes entry of orders of compliance against a party that has failed to answer interrogatories or to answer them fairly or has failed to respond to requests for production of documents. This section provides for a variety of sanctions, including entry of default. The only sanction that the plaintiff seeks is an order requiring Dentsply to produce all information and documents responsive to the identified interrogatories and requests for production. CT Page 7302
Interrogatories at issue
In his motion, the plaintiff states that he seeks "information and the production of documents related to two areas: (1) any similar claims and claim investigation documents related to the subject case; and (2) warnings and instructions." The plaintiff mentions many interrogatories (11-20, 21-22), but has failed to identify which of these interrogatories is actually at issue. Most of them relate to topics other than warnings, instructions, and similar claims. The court is thus left to guess at the actual claim of non-compliance. It will do so but, if it has guessed wrong, it will not reward this method of drafting motions by revisiting the issue of compliance on a future occasion. The court finds that the plaintiff requested information concerning warnings about use of Dentsply's needles and investigations of the occurrence at issue in this suit and other occurrences in interrogatories 12, 13, 14, 15, 18, 19, 20, 21 and 22. Dentsply has objected to these items or responded "not applicable."
The court finds that these interrogatories are within the scope of discovery set forth above and orders Dentsply to file a substantive response that fairly meets the content of each interrogatory.
Requests for production at issue
In its motion, the plaintiff mentions noncompliance only with paragraphs 6, 9 and 10, all of which relate to warnings. The plaintiff notes that deponent Gupta testified that Dentsply has a file of material on warnings and instructions for use of the needles it manufactures. Materials responsive to paragraphs 6, 9 and 10 of the plaintiff's requests for production are within the scope of Practice Book §13-2. Dentsply shall supply all documents responsive to these paragraphs.
In paragraph 1 of his requests for production, the plaintiff requests documents identified in response to interrogatories. The defendant is hereby ordered to supply all documents responsive to interrogatories 12, 13, 14, 15, 18, 19, 20, 21 and 22.
In its objections, Dentsply stated no objection on grounds of privilege, and the time to assert objections expired long ago.
Conclusion
The motion is granted as set forth above. Dentsply shall comply by July 1, 2002. As the plaintiff has not sought fees incurred in connection with CT Page 7303 this motion, none are awarded.
Beverly J. Hodgson Judge of the Superior Court